STATE OF CONNECTICUT *v.* ANGELO NASTRI

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 3, 1960

*Milton G. Harrison,* of New Haven, for the defendant.

*Arthur T. Gorman,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age fifty-six, pleaded guilty to a charge of receiving stolen goods (value $1000) and was sentenced to a term of not less than two nor more than four years in state prison. The maximum penalty for this offense is imprisonment for not more than five years or a fine of not more than $500 or both. General Statutes §§ 53-63, 53-65.

On August 28, 1958, the Singer Sewing Machine Company was burglarized and eighteen machines valued at $2430 were taken. On November 29, 1958, the Hoover Company was burglarized and ten vacuum cleaners, valued at $568.70, were taken. On March 14, 1959, Staminite Paint Company was burglarized and merchandise, including a quantity of paintbrushes valued at $1515.40, was taken. In April, 1959, the police questioned codefendant Joseph Nastri, who admitted purchasing brushes and vacuum cleaners from the defendant and one Di-

Nicola. The defendant admitted the sale of the goods but claimed he received them from an unknown man he met on the street. Later investigation revealed a series of transactions with one known to the police and this defendant as Liberty Santagata, a transient dealer in all types of commodities.

The record of the defendant dates from 1916 and is extensive, but from 1938 to the present he apparently kept out of trouble. While defendant claimed to have no knowledge of the business of Santagata or that the goods sold might have been stolen, it is interesting to note that he is now willing to testify against him.

In passing sentence the court observed that it was "unable to come to any conclusion that these accused, Angelo Nastri or DiNicola, got into this transaction in any innocent way at all." In view of the magnitude of the operations and the amount involved, the sentence was a proper one and should stand.

Devlin, House and Loiselle, Js., participated in this decision.